ALBERT LOVE

v.

ZACK BOWDLE.

*Contracts—Services of Stallion.*

There being no point of law involved, this court declines, in view of the evidence, to interfere with the judgment for the defendant in an action

brought to recover on a demand based, among other things, upon a claim for services of stallion.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Kankakee County; the Hon. C. R. STARR, Judge, presiding.

Mr. EDWARD E. DAY, for appellant.

Mr. H. K. WHEELER, for appellee.

CARTWRIGHT, J. This suit was commenced before a justice of the peace, by appellant against appellee, on a demand for $30, made up of claims for services of appellant's horse to two mares at $10 each, and $10 which it was claimed that appellee agreed to pay on the purchase of another mare if she proved to be in foal. Appellant was defeated on trial in the justice's court, and on appeal to the Circuit Court was again defeated, and now appeals to this court. The only ground for reversal claimed is that the verdict was against the weight of the evidence.

The horse service did not prove fruitful, and appellant claimed that the contract was for service by the season, while appellee contended that the contract was for insurance. The only direct evidence of the nature of the contract for horse service was the testimony of the parties, who contradicted each other as to its terms. There was also contradictory evidence concerning statements of the parties as to that contract. With respect to the purchase of the mare, appellant testified that appellee bought the mare for $150, which was paid, and further agreed that if she proved in foal he would pay $10 additional, and in this testimony appellant was corroborated by his two brothers. The mare purchased proved in foal. Appellee testified that he made no agreement to pay any additional sum dependent upon that event. Upon the questions of fact presented there have been two trials, both of which resulted in the

same conclusion, and the Circuit Court, by overruling the motion for a new trial, approved of the finding. Upon a review of the evidence, we are unable to say that the verdict should have been otherwise. We could not do so except by basing our conclusion upon a count of the witnesses testifying concerning the purchase of the mare, without any other circumstance to aid us, and it does not necessarily follow that the greater number of witnesses, related to each other as these were, must prevail. The trial court having opportunities to judge of the credibility of the witnesses that we do not have, might for good reasons give credence to appellee, and having done so we will not disturb the finding. The judgment will be affirmed.

*Judgment affirmed.*